*309 OPINION.
Smith
: At the hearing of this appeal the taxpayer offered in evidence a copy of an appraisal made by certain appraisal engineers as of February 1,1902, which appraisal was made on or about that date. The business was then being conducted as a partnership and the appraisal was for the purpose of determining the values of the assets as of the date of incorporation. The books of account were to some extent changed to represent the values determined by the appraisal engineers. The appraisal offered for the purpose of showing that the invested capital of the Struthers-Wells Co. was not fully stated upon the taxpayer’s books of account in 1902 — as indicating that there was in the possession of the company statements made by persons whom they considered to be competent to make such statements showing a higher value. The Commissioner objected to the introduction of the appraisal for the purpose of showing the value of the assets in 1902, on the ground that the persons making the appraisal were not before the Board and therefore not subject to cross-examination, and his objection to the introduction of the appraisal for the purpose of proving a value of the assets in 1902 in excess of the amount placed upon the books of account by the officers in 1902 was sustained. The only other evidence introduced by the taxpayer in support of its claim that abnormalities in invested capital and income existed for the years 1917 and 1918 was a copy of an agreement entered into between the then stockholders of the company and cer *310 tain of its employees on June 28, 1912, which agreement has been briefly summarized in our findings of fact, and also the testimony of the person who was vice president and general manager of the corporation during the years 1917 and 1918. He testified that, in his opinion, the profits of the company during the years 1917 and 1918 were largely attributable to the contract and its effect upon the stockholder employees.
The taxpayer argues that the Commissioner admitted abnormalities for the year 1917 by the fact that he considered its claim to relief for that year under section 210 of the Revenue Act of 1917, when the excess-profits tax was only 24.9 per cent of the taxable income; that the same abnormalities of invested capital and income existed for the year 1918, when the profits tax was 58.1 of the taxable net income.
So far as the year 1917 is concerned, the taxpayer has submitted no evidence which would tend to prove that the Secretary of the Treasury was unable satisfactorily to determine its invested capital for the year 1917. That is the only basis for affording the computation of tax liability under section 210 of the Revenue Act of 1917. Upon the record, the refusal of the Commissioner to grant any relief under section 210 of the Revenue Act of 1917 to this taxpayer in respect of its tax liability for 1917 must be approved.
In our opinion the evidence adduced before the Board does not prove the taxpayer’s claim to such an abnormality of invested capital and income for 1918 as entitled it to consideration under the relief provisions of the taxing statutes. It is true that the profits tax for the year 1918 upon this corporation was onerous. But this was the case with a great many corporations. They simply earned a large net income ’upon-their invested capital. The statute provides that this condition alone is not enough to warrant relief under the provisions of section 328 of the Revenue Act of 1918.

■The deficiencies m proftts-iax for the years 1917 and 1918 are $lf,]M..15 and $f,080.33, respectively. Order will be entered accordingly.